856 F.2d 201
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
BLINDERMAN CONSTRUCTION COMPANY, INC., Appellant,
v.
DEPARTMENT OF the ARMY, Appellee.
 No. 88-1115.
 United States Court of Appeals, Federal Circuit.
 Aug. 8, 1988.
 
 Before NIES, ARCHER and MICHEL, Circuit Judges.
 ARCHER, Circuit Judge.
 
 
 1
 Blinderman Construction Company, Inc. (Blinderman) appeals the August 10, 1987 decision of the Armed Services Board of Contract Appeals (ASBCA or board) denying Blinderman's claims for extra costs based upon defective specifications. We affirm the decision of the board.
 
 OPINION
 
 2
 Blinderman contracted with the Corps of Engineers, Department of the Army (government) for an addition to and alteration of the library, including the installation of new lighting fixtures, at the United States Air Force Academy. After installation, the lighting was found to be inadequate. For its work in correcting the deficiencies and associated delays, Blinderman sought equitable adjustment on the basis that the contract contained design specifications and the government impliedly warranted that satisfactory results would be achieved by following them. See United States v. Spearin, 248 U.S. 132, 136-38 (1918).[1]
 
 
 3
 The Administrative Judge (AJ), in determining that the specifications of the portion of the contract relating to lighting contained performance requirements, applied the test used by the board in F.K. James & Assocs., 65-2 BCA p 5051 at 23,783, that "[t]he specification was of a performance type, stating WHAT was desired in the nature of the end product.... It did not provide a design of HOW the end product was to be fabricated." (Emphasis in original.) The AJ noted that Paragraph 18.2 of Section 16A of the specifications provided that "[i]llustrations shown are indicative of the general type desired and are not intended to restrict selection to fixtures of any particular manufacturer. Fixtures of similar designs and equivalent light-distribution and brightness characteristics ... will be acceptable if approved by the Contracting Officer." (Emphasis added.) Thus, the specifications permitted the contractor to present alternatives to the fixtures depicted in the contract drawings. The AJ found:
 
 
 4
 To the extent that the specifications and drawing in this case provided design features, the record does not show a deficiency which would have prevented appellant's fixture manufacturer from producing fixtures which would comply with the limited design features and would meet the performance requirements.
 
 
 5
 Blinderman contends on appeal that the AJ erroneously concluded that the specification contained performance requirements. This court said in Stuyvesant Dredging Co. v. United States, 834 F.2d 1576, 1582 (Fed.Cir.1987), that the distinction between design and performance specifications is as follows:
 
 
 6
 Design specifications explicitly state how the contract is to be performed and permit no deviations. Performance specifications, on the other hand, specify the results to be obtained, and leave it to the contractor to determine how to achieve those results. (Emphasis added.)
 
 
 7
 See also Dewey Elecs. Corp. v. United States, 803 F.2d 650, 658 (Fed.Cir.1986); J.L. Simmons Co. v. United States, 412 F.2d 1360, 1362 (Ct.Cl.1969).
 
 
 8
 Blinderman has not shown that the AJ's factual findings are arbitrary or capricious, based on less than substantial evidence, or rendered in bad faith, and therefore we cannot set them aside. 41 U.S.C. Sec. 609(b) (1982); American Elec. Laboratories, Inc. v. United States, 774 F.2d 1110, 1112 (Fed.Cir.1985). Based on the contract provisions and the findings of the AJ, we are convinced that the AJ's holding that the contract contained performance specifications is correct as a matter of law. Moreover, Blinderman's selection of fixtures different from those disclosed in the contract drawings and specifications and its submission of modifications to the contract drawings confirm the correctness of that holding.
 
 
 9
 We have considered the other arguments made by Blinderman, including the arguments that the AJ erroneously credited the affidavit of the Corps of Engineers' witness over the affidavits of Blinderman's witnesses and that the AJ failed to make findings involving material issues which detrimentally affected Blinderman, and find them without merit. Accordingly, the decision of the board is affirmed.
 
 
 
 [1]
 The board found that there was an error in the specification with respect to the orientation of one type of fixture (the correction of which was assumed and paid for by the architect-engineer) and held that Blinderman would be entitled, based on that error, to recover damages to the extent they can be shown in the quantum phase of the case. Although Blinderman argues on appeal that this error caused delays for which it is entitled to compensation, we need not consider that question in view of the decision below